UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Silver State Ford,<br><br>            Plaintiff<br><br>v.<br><br>Key Insurance Company,<br><br>            Defendant | Case No. 2:24-cv-01104-CDS-BNW<br><br>**Order Granting Plaintiff's<br>Motion to Remand**<br><br>[ECF No. 7] |

Plaintiff Silver State Ford ("Silver State") is seeking to recover against defendant Key Insurance Company ("Key Insurance") after its insured, Virginia Harrelson, was involved in a crash that damaged one of Silver State's vehicles. *See* Compl., ECF No. 1-2. This case was initiated in Nevada state court and was removed to this court on June 13, 2024. ECF No. 1. Subsequently, Silver State filed a motion to remand this action, arguing that Key Insurance failed to establish complete diversity or that the amount in controversy exceeds $75,000. ECF No. 7. The motion is fully briefed, including a supplement filed by Key Insurance. ECF No. 11; ECF No. 12; ECF No. 16. For the reasons herein, I grant Silver State's motion to remand.

I.    **Background**

In the instant case, Silver State is suing Key Insurance for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, and violation of the Nevada Unfair Claims Practices Act. *Id.* at 12–22. Silver State previously filed suit against Harrelson in 2019 in Nevada state court, and now alleges that "Key Insurance Company failed to defend its insured Virginia Harrelson by failing to serve written discovery, failing to respond to written discovery, failing to take any depositions, failing to retain experts, submitting its arbitration brief late, failing to file for trial de novo, and allowing judgment to be entered against its insured in excess of her Key Insurance Company

policy limits." *See* Lorelli Decl., ECF No. 7 at 3. Key Insurance filed a petition for removal on June 13, 2024. ECF No. 1. I issued a minute order on June 14, 2024, requiring Key Insurance to file a statement regarding removal, including a summary of its evidence of the amount in controversy. Min. Order, ECF No. 2 at 1. Key insurance timely filed its statement regarding removal, indicating that the sole basis for removal was diversity jurisdiction. ECF No. 6 at ¶ 3.

Silver State argues that remand is appropriate because Key Insurance failed to meet the requisite burden of proof to establish diversity jurisdiction. ECF No. 7. First, Silver State contends that Key Insurance failed to provide evidence to demonstrate that the amount in controversy in this case exceeds $75,000. *Id.* at 8–9. It also argues that Key Insurance failed to establish complete diversity of citizenship. *Id.* at 10–11. Key Insurance responds that Silver State's calculations do not accurately reflect the amount it seeks in its lawsuit. ECF No. 11 at 6–11.

## II. Legal standard

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When initiating a case, "[a] plaintiff is the master of [their] complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 389–99 (1987)). Generally, plaintiffs are entitled to deference in their choice of forum. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017). However, Congress has enacted statutes that permit parties to remove cases originally filed in state court to federal court. *See* 28 U.S.C. § 1441. Subject to certain requirements and limitations, a defendant generally may remove a case from state court to federal court where the case presents either diversity or federal question jurisdiction. 28 U.S.C. §§ 1441(a)–(c). Relevant to this motion, diversity jurisdiction requires: (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy to exceed $75,000.

*See* 28 U.S.C. § 1332(a). Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c). To protect the jurisdiction of state courts, the removal statute should be construed narrowly, against removal jurisdiction and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

### III.  Discussion

#### A.  Local rules

As a threshold matter, the court first addresses the parties' exhibits attached to their pleadings. Local Rule IC 2-2(3) requires that exhibits and attachments "be attached as separate files" not as part of the base document. LR IC 2-2(3)(A). Both parties simply incorporated their exhibits directly in their filings. Additionally, "[d]ocuments filed electronically must be filed in a searchable . . . PDF" file, not merely scanned. LR IA 10-1(b). *See also* LR IC 2-2(a)(1). These and the other local rules exist to streamline court processes and preserve court resources, so I direct the parties to follow them in the future in this case and any other litigation in this district. Failing to follow the local rules may result in the court striking, or not considering, exhibits in the future.

#### B.  Amount in controversy

In determining the amount in controversy, courts first look to the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). The $75,000 threshold is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *See id.* at 288–89; *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). However, like in this case, when removal jurisdiction is challenged by a plaintiff, evidence establishing the amount in controversy is required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)). As

to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Id.* (citation omitted). Removal is proper "'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88.

In its complaint, Silver State seeks the following:

> Compensatory and/or expectation damages in an amount in excess of $15,000.00; Consequential damages in an amount in excess of $15,000.00; The amount of the Judgment against ASSIGNOR, to include all interest due and owing until such judgment has been satisfied; Pre-judgment interest and post-judgment interest at the legal statutory rate; Punitive and/or exemplary damages in an amount in excess of $15,000.00; Emotional distress, anxiety and inconvenience; Attorney's fees and costs of litigation; and For any other and further relief as is just and proper.

Compl., ECF No. 1-2 at 22–23. Key Insurance's statement of removal calculates the "judgment grand total" as $22,606.11. Def.'s Statement of Removal, ECF No. 6 at 2.

Aggregating each of Silver State's $15,000 prayers for relief and the $22,606.11 calculated by Key Insurance, the total is only $67,606.11. While this number could potentially surpass $75,000 when combined with other damages, depending on the outcome of the trial, it is simply not clear from the face of the complaint that it will. And Key Insurance's citation to punitive damages received in other cases does not establish that the amount in controversy is met. ECF No. 11 at 9–11. Key Insurance failed to demonstrate how the facts in those cases relate to the facts here or show why a punitive damages award in those cases would result in a similar award of punitive damages here. And mere speculative assertions of what Silver State's attorney fees and emotional damages may amount to do not satisfy the defendant's burden. ECF No. 11 at 8. *See, e.g., Frankovich v. Home Depot United States, Inc.*, 2023 U.S. Dist. LEXIS 183182, at *5 (C.D. Cal. Oct. 11, 2023) ("To reach the jurisdictional threshold, Defendant includes attorneys' fees, emotional

distress damages, and punitive damages. This Court, however, does not include these sorts of speculative damages in the amount-in-controversy.")

Additionally, contrary to Key Insurance's contentions, ECF No. 11 at 11–13, settlement negotiations can serve as relevant evidence to determine the amount in controversy.[1] *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." (citations omitted)). Considering the settlement negotiations, I find that the amount in controversy is not met because both parties' offers of settlement in this case were below the $75,000 threshold. *See* ECF No. 7 at 4 (stating that plaintiff offered $57,671.18 and defendant offered $2,000.00). Thus Key Insurance has not demonstrated evidence sufficient to overcome its burden to prove by a preponderance of the evidence that Silver State's claims are in excess of the $75,000 threshold required to establish diversity jurisdiction.[2]

IV.  Conclusion

Therefore, Silver State's motion to remand **[ECF No. 7] is GRANTED**.

The Clerk of Court is kindly directed to remand this case to the Eighth Judicial District Court for the State of Nevada, Case No. A-24-893610-C, Department X, and to close this case.

Dated: August 29, 2024

_____
Cristina D. Silva
United States District Judge

---

[1] Key Insurance writes at length in its response and supplement that these settlement negotiations were improper. ECF No. 11 at 12. It further states that Silver State's offer was not made in good faith, as it was designed only to defeat diversity jurisdiction. *Id.* at 12–13. Still, even if I declined to consider the settlement negotiations, my decision to remand would not change.

[2] The parties also argue about whether there is diversity of citizenship. Because there is an insufficient amount in controversy, this argument need not be addressed.